IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM FANELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1035-DGW-SCW |
| ) | |
| ASBESTOS CORPORATION LTD., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Joinder in the Notice of Removal filed by Defendant, Crane Co., on October 11, 2013 (Doc. 10), the Motion to Dismiss (entitled "Stipulation of Dismissal") filed by Plaintiff, William Fanelli, and Defendants, Crane Co. and CBS Corporation, on April 10, 2014 (Doc. 126), and the Motions to Remand filed by Plaintiff on May 8, 2014, June 16, 2014, and July 14, 2014 (Docs. 131, 140, and 147, respectively). The Motion for Joinder is **GRANTED**, the Motion to Dismiss is **GRANTED**, the Motions to Remand (Docs. 131 and 140) are **MOOT**, the latest Motion to Remand (Doc. 147) is **GRANTED,** and this matter is **REMANDED** to the Circuit Court of Madison County, Illinois.

**BACKGROUND**

On October 4, 2013, this matter was removed from the Circuit Court of Madison County, Illinois by Defendants CBS Corporation based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1) (Doc. 2). Removal pursuant to the statute is appropriate if a defendant is an "officer . . . of the United States or . . . person acting under" them, the action is "for or relating to any act under color of such office . . . ," and the defendant has a colorable federal defense to the action.

*See Id.*; *Mesa v. California*, 489 U.S. 121, 132-134 (1989). Defendant Crane Co. seeks to join the notice of removal because it too claims application of the statute to the claims made against it. Various Defendants have pled, as an affirmative defense the "government contractor defense" and have alleged that as a contractor working for the government and complying with the government's specifications, they cannot be liable "to Plaintiff for having complied with the contractual designs, plans and specification" (Doc. 15).[1] Notwithstanding the pleading of a federal defense, however, no other Defendants seeks to join the Notice of Removal nor has any other Defendant articulated an independent basis for federal jurisdiction.

Plaintiff has filed three Motions to Remand on May 8, 2014 (Doc. 131), June 16, 2014 (Doc. 140) and July 14, 2014 (Doc. 147). No Defendant has responded to the Motion and the Court construes the lack of a response as an admission of the merits of the motions pursuant to Local Rule 7.1(c). In each of these Motions, Plaintiff states that on April 10, 2014 (Doc. 126), Plaintiff and Defendants CBS Corporation and Crane Co. have stipulated to dismiss Plaintiff's claims against these two Defendants.[2] In that same document, the parties state "Defendants CBS Corporation and Crane's desire for a federal forum for this action is now moot given the dismissal without prejudice of Plaintiff's claims against them . . . ." Thus, Plaintiff argues that there is no basis for federal jurisdiction. As noted above, no other Defendant has asserted subject matter jurisdiction based on the federal officer removal statute or otherwise.

---

[1] This affirmative defense was specifically raised by Defendants General Electric Company (Doc. 15), Borgwarner Morse Tec, Inc. (Doc. 25), RSCC Wire & Cable LLC (Doc. 51), Gardner Denver, Inc. (Doc. 60), Foster Wheeler Energy Corporation (Doc. 64), and Metropolitan Life Insurance Company (Doc. 145); and, adopted by reference by Brand Insulations, Inc. (Doc. 91) and Union Carbide Corporation (Doc. 149).

[2] The stipulation was filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

### DISCUSSION

**Motion to Dismiss**

Plaintiff, Crane Co., and CBS Corporation filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  While the Plaintiff is voluntarily dismissing Crane Co. and CBS Corporation, it is seeking dismissal after certain other Defendants have entered an appearance and filed Answers.   Thus, the parties are in fact seeking dismissal pursuant to Rule 41(a)(2), by order of the Court.   As no party has objected to dismissal, Defendants Crane Co. and CBS Corporation are hereby **DISMISSED WITHOUT PREJUDICE**.

**Motion to Remand**

Title 28 U.S.C. §1447(c) provides that "[i]f at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded."   Subject matter jurisdiction in this case was based solely on the applicability of 28 U.S.C. § 1442(a) which provides that cases brought against a "federal officer and their agents for actions done under the immediate direction of the national government," may be removed to federal court.  *Ruppel v. CBS Corp.,* 701 F.3d 1176, 1179–1180 (7th Cir. 2012) (citations and quotation marks removed); 28 U.S.C. § 1442.   No other party has established a basis for federal jurisdiction.   It appears that only state law claims remain.

"The well established general rule is that jurisdiction is determined at the time of removal and nothing filed after removal affects jurisdiction."  *In re Burlington Northern Santa Fe Ry. Co.,* 606 F.3d 379, 380 (7th Cir.2010).   Thus, "federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court."  *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998).   However, "if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish

3

jurisdiction over the state-law claims." *Id.*; 28 U.S.C. § 1367(c). In determining whether to relinquish jurisdiction, the Court considers whether there is a statute of limitations that would bar refiling in state court, whether substantial federal resources have been expended, and "where it is obvious how the claims should be decided." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904 (7th Cir. 2007) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)). None of these factors would result in the continued exercise of jurisdiction in this matter. The statute of limitations is irrelevant as this matter is not being dismissed; substantial federal resources have not been expended; and, it is not obvious how this matter should be resolved. Accordingly, this matter is **REMANDED**.

## CONCLUSION

For the foregoing reasons, Motion for Joinder in the Notice of Removal filed by Defendant, Crane Co., on October 11, 2013 (Doc. 10) is **GRANTED**, the Motion to Dismiss (entitled "Stipulation of Dismissal") filed by Plaintiff, William Fanelli, and Defendants, Crane Co. and CBS Corporation, on April 10, 2014 (Doc. 126) is **GRANTED**, the Motion to Remand filed by Plaintiff on May 8, 2014 is **MOOT** (Doc. 131), the Motion to Remand filed by Plaintiff on June 16, 2014 is **MOOT** (Doc. 140), and the Motion to Remand filed by Plaintiff July 14, 2014 is **GRANTED** (Doc. 147). This matter is **REMANDED** to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED: August 19, 2014**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**